UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

KNOWLEDGE DOWTIN,

                      Plaintiff,

           v.

73RD PRECINCT POLICE DEPARTMENT, BROOKLYN DETENTION CENTER, and FDNY EMT AMBULETTE SERVICES,

                      Defendants.

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**
23-CV-02286 (LDH) (LB)

---

LaSHANN DeARCY HALL, United States District Judge:

    Knowledge Dowtin ("Plaintiff"), proceeding pro se, brings the instant action pursuant to 42 U.S.C. § 1983 against the 73rd Precinct Police Department, Brooklyn Detention Center, and "FDNY EMT Ambulette Services" (collectively, "Defendants"), alleging false arrest and denial of medical care claims in violation of his constitutional rights. Plaintiff's request to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) is granted. For the reasons discussed below, the complaint is dismissed. Plaintiff is granted 30 days leave from the date of this Order to file an amended complaint.

## BACKGROUND

    On January 20, 2023, New York City Police Officers arrested Plaintiff based on an alleged outstanding warrant. (Compl., at 2, ECF No 1.) According to the Complaint, the warrant was issued in 2021 and dismissed by a New York City Family Court Judge prior to Plaintiff's arrest. (*Id*. at 3.) Following his arrest, Plaintiff was taken to the 73rd Police Precinct, where he

1

complained of difficulty breathing and mental health issues. (*Id*. at 4–5.) Plaintiff also indicates that he suffers from anemia. (*Id*. at 6.) While at the police precinct, Plaintiff became unconscious, and his requests for medical assistance were ignored. (*Id*. at 6.) According to Plaintiff, a police officer "bargained" with him and told him that if he would consent to be fingerprinted and take a mug shot, he would receive assistance. (*Id*. at 5–6.) Plaintiff was transported to the Brooklyn Detention Center. (*Id.* at 7.) Later that day, Plaintiff was taken to "Langone" Hospital in Cobble Hill, Brooklyn. (*Id.* at 10.) Upon his return to the Brooklyn Detention Center, Plaintiff was informed that the District Attorney declined to prosecute, and he was released. (*Id*. at 11.)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a pro se complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a pro se complaint liberally").

Nevertheless, the Court is required to dismiss sua sponte an in forma pauperis action if

2

the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

## DISCUSSION

Construed liberally, Plaintiff's claims arise under Section 1983, which provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." *See* 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege two: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

Plaintiff's Section 1983 claim against the named Defendants must be dismissed. Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter § 396. This provision has been construed to mean that New York City departments and agencies, such as the Police Department, the New York City Fire Department ("FDNY"), and the

3

Department of Correction and its subdivisions, including city jails, are not suable entities. *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *Hussey v. New York Police Departments & Precincts in Brooklyn, NY*, No. 23-CV-532, 2023 WL 2499215, at *2 (E.D.N.Y. Mar. 13, 2023) (police precinct is not a suable entity); *Gonsalves* v. *Brooklyn Det. Complex*, No. 15 Civ. 5750 , 2016 WL 1452381, at *2 (E.D.N.Y. Apr. 13, 2016) ("New York City Department of Correction facilities and the Department of Correction are not suable entities. The Brooklyn Detention Center is part of the New York City Department of Correction, and thus, may not be sued.").

Likewise, to the extent that Plaintiff seeks to assert a claim against the FDNY or the FDNY Emergency Medical Services ("EMS") ambulette services, the Court notes that these are not suable entities. *Gill v. City of New York*, No. 16-CV-3219, 2018 WL 10215985, at *3 (E.D.N.Y. Mar. 29, 2018) ("[T]he FDNY [is an] organizational subdivision of the City of New York lacking independent legal existence – therefore [it is] not [a] suable entit[y]); *Pagan v. City of New York*, No. 15-CV-5825, 2015 WL 13856850, at *1 (E.D.N.Y. Nov. 18, 2015) (noting that EMS is not a suable entity).  Accordingly, Plaintiff's claims against the 73rd Police Precinct, the Brooklyn Detention Center and the FDNY EMS ambulette services, are dismissed for failure to state a claim.  *See* 28 U.S.C.§ 1915(e)(2)(B)(ii).

## CONCLUSION

Plaintiff's complaint is dismissed for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  However, the Court grants Plaintiff leave to amend his complaint to replead his Section 1983 claims for false arrest and denial of medical care claims, within 30 days of the date of this Order.  Any new complaint must be captioned "Amended Complaint" and bear the

same docket number as this Order. In the amended complaint, Plaintiff should name as proper Defendants those individuals who have some personal involvement in the actions he alleges in the amended complaint and provide the dates and locations for each relevant event. Even if Plaintiff does not know the names of the individuals, he may identify each of them as John Doe or Jane Doe. To the best of his ability, Plaintiff must describe each individual and the role they played in the alleged deprivation of his rights. Finally, Plaintiff is advised that the amended complaint will completely replace the original complaint, so Plaintiff must include in it any allegations he wishes to pursue against proper Defendants. All further proceedings are stayed for 30 days. If Plaintiff does not file an amended complaint within 30 days, judgment shall be entered.

The Clerk of Court is directed to mail a copy of this Memorandum and Order to Plaintiff, along with a civil rights complaint form. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
     February 15, 2025

/s/ LDH
LaSHANN DeARCY HALL
United States District Judge